UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF THE STATE OF OKLAHOMA

IN RE: )
) Case No. 06-12867
Moore Medical Center, LLC ) Chapter 7
)
DEBTOR )

2013 SEP 27 P 4: 04

APPLICATION FOR ORDER DIRECTING PAYMENT
OF FUNDS TO CREDITOR/CLAIMANT PURSUANT TO
11 U.S.C. SECTION 347 AND 28 U.S.C SECTIONS 2041 ET. SEO.

Dilks & Knopik, LLC, Attorney-in-Fact for Baxter International Inc. (the "Claimant") a claimant for the captioned case respectfully requests as follows:

1. Baxter Healthcare was a creditor of the Debtor and was due to receive and the trustee did, in fact, make a distribution from the estate to Baxter Healthcare in the amount of approximately $4,792.59. Baxter Healthcare was not located and the funds of the creditor were paid into the Court pursuant to 11 U.S.C. Section 347.

2. Pursuant to 11 U.S.C. Section 347 and chapter 129 of title 28, United States Code, the claimant requests that the Court issue an order directing payment to the creditor and the claimant and that payment be made in care of Baxter International Inc. and Dilks & Knopik, LLC, 35308 SE Center St, Snoqualmie, WA 98065.

WHEREFORE, Claimant requests that the Court issue an order directing payment of all funds held by the Court in this case and for such further and other relief as is just and appropriate. The U.S. Attorney for the Western District of Oklahoma has been noticed with a true and correct copy of this application.

Date: July 16, 2013

By: _____
Brian J. Dilks, Managing Member
Dilks & Knopik, LLC, Attorney in Fact for
Baxter International Inc.

STATE OF WASHINGTON, COUNTY OF KING

On 7/16/2013 before me, personally appeared Brian J. Dilks personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. WITNESS my had and official seal.

_____
Andrew T. Drake, Notary Public
My commission expires on August 9, 2015

(SEAL)

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF THE STATE OF OKLAHOMA

IN RE:                                      )
                                            )   Case No. 06-12867
    Moore Medical Center, LLC         )   Chapter 7
                                            )
            DEBTOR                   )

CASE HISTORY:

The original dividend check was sent to a Baxter Healthcare. Baxter Healthcare is fully known as Baxter Healthcare Corporation. Baxter Healthcare Corporation is a wholly owned subsidiary of Baxter International, Inc., as evidenced by Exhibit A.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

RE: Moore Medical Center, LLC   )   Case: 06-12867
                                )
                                )   **AUTHORITY TO ACT**
                                )   **Limited Power of Attorney**
                                )   **Limited to one Transaction**
        Debtor(s)               )

### USED ONLY TO COLLECT FUNDS FROM THE ABOVE REFERENCED CASE

1. Baxter International Inc. with a tax identification number of 36-0781620, ("CLIENT"), appoints **Dilks & Knopik, LLC** ("D&K"), as its lawful attorney in fact for the limited purpose of recovering, receiving and obtaining information pertaining to the outstanding tender of funds in the amount of **$4,792.59** (the "FUNDS"), including the right to collect on CLIENT's behalf any such funds that are held by a governmental agency or authority.

2. CLIENT grants to D&K the authority to do all things legally permissible and reasonably necessary to recover or obtain the FUNDS held by the governmental agency or authority. This limited authority includes the right to receive all communications from the governmental agency or authority and to deposit checks payable to CLIENT for distribution of the FUNDS to CLIENT, less the fee payable to D&K pursuant to and in accordance with its agreement with CLIENT.

3. D&K may not make any expenditure or incur any costs or fees on behalf of CLIENT without CLIENT's prior written consent.

4. This Authority to Act shall become effective on the below signed date and shall expire upon collection of the aforementioned FUNDS. I authorize the use of a photocopy of this Limited Power of Attorney in lieu of the original.

_Shawn M. Ryan_ _____    _7/8_____, 20 _13_
Shawn M. Ryan - Crediti Manager                Date

**Baxter**

**Shawn Ryan**
Manager II, Operations

Baxter Healthcare Corporation
25212 W. IL Route 120
Round Lake, Illinois 60073
T 224.270.1238   F 224.270.3311   F 877.294.7784
shawn_ryan@baxter.com

### ACKNOWLEDGMENT

STATE OF ILLINOIS)

COUNTY OF LAKE)

On this _8th_ day of _July_____, _2013_, before me, the undersigned Notary Public in and for the said County and State, personally appeared (name)_____ Shawn M. Ryan _____ known to me to be the person described in and who executed the foregoing instrument, and who acknowledged to me that (circle one) he/she did so freely and voluntarily and for the uses and purposes therein mentioned.
WITNESS my hand and official seal.
NOTARY PUBLIC _Gloria A Gustafson_
Residing at _Baxter Healthcare, Round Lake, IL_
My Commission expires _3/1/14_

OFFICIAL SEAL
GLORIA A GUSTAFSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/01/14

Baxter
Northern Illinois

Shawn

Shawn    Ryan

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In Re: )
) Case: 06-12867
Moore Medical Center, LLC ) Chapter:
)
Debtor(s) )

## AFFIDAVIT OF CREDITOR

State of <u>ILLINOIS</u>)

County of <u>LAKE</u>)

I, Shawn M. Ryan, Crediti Manager of Baxter International Inc., the undersigned creditor in the above referenced case, being first duly sworn upon oath, state as follows:

1. Dilks & Knopik, LLC, 35308 SE Center Street, Snoqualmie, WA 98065 has been granted a power of attorney by me to submit an Application for Payment from Unclaimed Funds seeking payment of claim no.  in the amount of $4,792.59 due and owing to me (or the company I represent) as a creditor in the above referenced bankruptcy case.

2. My name, address and telephone number are as follows:

> Baxter International Inc.
> Shawn M. Ryan, Crediti Manager
> 25212 W. IL Rte 120 WG1-2S
> Round Lake, IL 60073
> 224.948.2000

3. Substantiate creditor's right to claim, including but not limited to documents relating to sale of company, i.e. purchase agreements and/or stipulation by prior and new owner as to right of ownership of funds. Attach certified copies of all necessary documentation.

4. I (or the entity I represent) have neither previously received remittance for the claim nor have contracted with any other party than the person named in item one above to recover these funds.

I hereby certify that the foregoing statements are true and correct to the best of my knowledge and belief.

Dated: 7/8/2013

Shawn M. Ryan

Subscribed and sworn to before me this 8th day of July, 2013.

Notary Public

(SEAL)
My commission Expires:

3/1/14

OFFICIAL SEAL
GLORIA A GUSTAFSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/01/14

# UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

## FORM 10-K

**(Mark One)**

☑ **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**
For the fiscal year ended December 31, 2012

**OR**

☐ **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**
For the transition period from            to

Commission file number 1-4448

### *Baxter*
### Baxter International Inc.

*(Exact Name of Registrant as Specified in its Charter)*

| | |
|---|---|
| **Delaware** | **36-0781620** |
| *(State or Other Jurisdiction of Incorporation or Organization)* | *(I.R.S. Employer Identification No.)* |
| **One Baxter Parkway, Deerfield, Illinois** | **60015** |
| *(Address of Principal Executive Offices)* | *(Zip Code)* |

Registrant's telephone number, including area code 224.948.2000

Securities registered pursuant to Section 12(b) of the Act:

| Title of Each Class | Name of Each Exchange on Which Registered |
|---|---|
| Common stock, $1.00 par value | New York Stock Exchange |
| | Chicago Stock Exchange |

Securities registered pursuant to Section 12(g) of the Act: None

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.   Yes ☑    No ☐

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or 15(d) of the Act.   Yes ☐   No ☑

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.   Yes ☑   No ☐

Indicate by check mark whether registrant has submitted electronically and posted on its corporate website, if any, every Interactive Data File required to be submitted and posted pursuant to Rule 405 of Regulation S-T during the preceding 12 months (or for such shorter period that the registrant was required to submit and post such files)   Yes ☑   No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein and will not be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K.  ☑

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer or a smaller reporting company. See the definitions of "large accelerated filer," "accelerated filer" and "smaller reporting company" in Rule 12b-2 of the Exchange Act.

| | |
|---|---|
| Large accelerated filer ☑ | Accelerated filer ☐ |
| Non-accelerated filer ☐ | Smaller reporting company ☐ |
| (Do not check if a smaller reporting company) | |

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Act).   Yes ☐   No ☑

The aggregate market value of the voting common equity held by non-affiliates of the registrant as of June 29, 2012 (the last business day of the registrant's most recently completed second fiscal quarter), based on the per share closing sale price of $53.15 on that date and the assumption for the purpose of this computation only that all of the registrant's directors and executive officers are affiliates, was approximately $29 billion. There is no non-voting common equity held by non-affiliates of the registrant.

The number of shares of the registrant's common stock, $1.00 par value, outstanding as of January 31, 2013 was 545,928,648.

**DOCUMENTS INCORPORATED BY REFERENCE**

Portions of the registrant's definitive 2013 proxy statement for use in connection with its Annual Meeting of Shareholders to be held on May 7, 2013 are incorporated by reference into Part III of this report.

Exhibit __A__

Source: BAXTER INTERNATIONAL INC, 10-K, February 21, 2013                                                 Powered by Morningstar® Document Research℠

The information contained herein may not be copied, adapted or distributed and is not warranted to be accurate, complete or timely. The user assumes all risks for any damages or losses arising from any use of this information, except to the extent such damages or losses cannot be limited or excluded by applicable law. Past financial performance is no guarantee of future results.

EXHIBIT 21

**Subsidiaries of Baxter International Inc.**

| Subsidiary | Organized under laws of | % owned by immediate parent(1) |
|---|---|---|
| Baxter International Inc. | Delaware | |
|   Baxter Colorado Holding Inc. | Colorado | 100 |
|     Baxa Corporation | Colorado | 100 |
|   Baxter Healthcare Corporation | Delaware | 100 |
|     Baxter Pharmaceutical Solutions LLC | Delaware | 100 |
|     BioLife Plasma Services L.P. | Pennsylvania | 99(2) |
|   Baxter Holding Services Company | Delaware | 100 |
|     Synovis Life Technologies, Inc. | Minnesota | 100 |
|   Baxter World Trade Corporation | Delaware | 100 |
|     Baxter Corporation | Canada | 100 |
|     Baxter de Venezuela, C.A. | Venezuela | 100 |
|     Baxter Export Corporation | Nevada | 100 |
|     Baxter Global Holdings Inc. | Delaware | 100 |
|       Baxter Healthcare Pty Ltd | Australia | 99.999(2) |
|       Baxter Healthcare Limited | Taiwan | 100 |
|       Baxter Holding Mexico, S. de R.L. de C.V. | Mexico | 99.999(2) |
|         Baxter S.A. de C.V. | Mexico | 99.99(2) |
|       Baxter Holdings Limited | Japan | 100 |
|         Baxter Limited | Japan | 100 |
|       Baxter Sales and Distribution Corp. | Delaware | 100(3) |
|         Baxter Healthcare Corporation of Puerto Rico | Alaska | 100 |
|       Baxter Global Holdings II Inc. | Delaware | 100 |
|         Baxter Holding B.V. | The Netherlands | 100 |
|           ApaTech Limited | United Kingdom | 100 |
|           Baxter AG | Switzerland | 100 |
|           Baxter Argentina S.A. | Argentina | 93.08(2) |
|           Baxter Healthcare (Holdings) Limited | United Kingdom | 100 |
|             Baxter Healthcare Limited | United Kingdom | 100 |
|             Baxter (Hellas) EPE | Greece | 99.8(2) |
|           Baxter Healthcare Holding GmbH | Switzerland | 100 |
|             Baxter Healthcare SA | Switzerland | 100 |
|               Baxter Healthcare Pharmaceutical Limited | United Kingdom | 100 |
|               Baxter Pacific Investments Pte Ltd | Singapore | 100 |
|                 Baxter (China) Investment Co., Ltd. | China | 100 |
|                   Baxter Healthcare (Guangzhou) Company Ltd | China | 87.5 |
|                   Baxter Healthcare (Suzhou) Company Ltd. | China | 100 |
|                   Baxter Healthcare (Shanghai) Company Ltd | China | 100 |
|                 Baxter (India) Private Limited | India | 99.99(2) |
|                 Baxter Healthcare Trading (Shanghai) Company Ltd. | China | 100 |
|               Baxter Productos Medicos LTDA | Costa Rica | 100 |
|             Baxter Trading GmbH | Switzerland | 100 |
|               Baxter BioScience Manufacturing Sarl | Switzerland | 100 |
|               Baxter Innovations GmbH | Austria | 100 |
|                 Baxter AG | Austria | 100 |
|           Baxter Hospitalar Ltda. | Brazil | 99.999(2) |
|           Baxter Incorporated | Republic of Korea | 100 |
|           Baxter Netherlands Holding B.V. | The Netherlands | 100 |
|             Baxter S.A. | Belgium | 99.97(2) |
|               Eczacibasi-Baxter Hastane Urunleri Sanayi ve Ticaret A.S. | Turkey | 49.999(4) |
|             Baxter Deutschland Holding GmbH | Germany | 94(2) |
|               Baxter Deutschland GmbH | Germany | 100 |
|               Baxter Oncology GmbH | Germany | 100 |
|             Baxter World Trade SPRL | Belgium | 99.999(2) |
|           Baxter World Trade Italy S.R.L. | Italy | 100 |
|             Baxter S.p.A. | Italy | 98.98(2) |
|             Baxter Manufacturing S.p.A. | Italy | 98.98(2) |
|             Bieffe Medital S.p.A. | Italy | 99.46 |
|               Bieffe Medital Nederland NV | The Netherlands | 100 |
|               Sapa Prodotti Plastici Sagl | Switzerland | 100 |
|           Laboratorios Baxter S.A. | Delaware | 100 |
|   RTS Worldwide Holdings Inc. | Delaware | 100 |
|     RTS Americas Inc. | Delaware | 100 |
|       RTS Colombia Ltda. | Colombia | 99.51(2) |
|         RTS S A S | Colombia | 100 |

Subsidiaries omitted from this list, considered in aggregate as a single subsidiary, would not constitute a significant subsidiary. All subsidiaries set forth herein are reported in the Company's financial statements through consolidation or under the equity method of accounting.

(1) Including nominee shares.
(2) Remaining shares owned by the Company, or other subsidiaries of the Company.
(3) Of common stock, with preferred stock held by Baxter Healthcare Corporation.
(4) Baxter's total ownership in this joint venture is 50%. The remaining .001% is owned by other Baxter entities.

Exhibit A

Source: BAXTER INTERNATIONAL INC, 10-K, February 21, 2013    Powered by Morningstar® Document Research℠

The information contained herein may not be copied, adapted or distributed and is not warranted to be accurate, complete or timely. The user assumes all risks for any damages or losses arising from any use of this information, except to the extent such damages or losses cannot be limited or excluded by applicable law. Past financial performance is no guarantee of future results.